**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EQUAL EMPLOYMENT
OPPORTUNITY COMM'N,

         Plaintiff,         CIVIL ACTION NO. 07-CV-15394-DT

  VS.         DISTRICT JUDGE MARIANNE O. BATTANI

MEDICAL WEIGHT LOSS         MAGISTRATE JUDGE MONA K. MAJZOUB
CLINIC, INC.,

         Defendant.
                                 /

## OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL AND TO MODIFY SCHEDULING ORDER

This matter comes before the Court on Plaintiff's Motion to Compel Discovery and to Modify Scheduling Order filed on September 15, 2008. (Docket no. 22). This Motion was referred to the undersigned for decision. (Docket no. 23). Defendant filed a Response to the Motion. (Docket no. 26). Plaintiff filed a Reply brief on October 8, 2008. (Docket no. 28). The parties also filed a Joint Statement of Resolved and Unresolved Issues. (Docket no. 29). The Court heard oral argument on the Motion on October 15, 2008. This matter is ready for ruling.

Plaintiff seeks an extension of the discovery deadline, which currently expires on October 23, 2008, in order to notice and depose Kitty Jorgenson who is a former employee of Defendant. Plaintiff's motion will be granted, and the new discovery deadline is October 31, 2008.

With regard to Plaintiff's Motion to Compel, Plaintiff EEOC commenced this action on behalf of Catherine Jovic alleging that Defendant Medical Weight Loss Clinic terminated Jovic's employment in violation of the ADA (bipolar disorder). Medical Weight Loss claims it terminated Jovic's employment for numerous conduct violations including lying, disparagement, and

insubordination. Plaintiff's Motion to Compel raises several issues, but the parties now agree that the only issue remaining is whether Defendant should be compelled to provide Plaintiff with financial information such as its gross revenue, year-end profits, and corporate tax return for the year 2007. Plaintiff contends that Defendant should be so compelled because Plaintiff is seeking punitive damages in this action. Defendant contends that this is not sufficient reason to compel production.

Plaintiff's Interrogatory no. 6 of its First Discovery Request asks for the dollar amounts of Defendant's year-end gross revenue for the years 2004-2006, Defendant's year-end profits for the same years, and the identity of individuals to testify on these subjects. (Docket no. 22 ex. A). Plaintiff's Request for Production of Documents no. 1 of its First Discovery Request asks for the most recent federal corporate tax return of Defendant. (*Id*.). Defendant objected to both of these requests on the grounds that these requests are overbroad and unduly burdensome and seek irrelevant information. (*Id*.).

The Supreme Court has often noted the relevance of a party's financial position with regard to the assessment of punitive damages. *See TXO Production Corp. v. Alliance Resources Corp.*, 509 U.S. 443, 462 n.28 (1993) ("Under well-settled law, however, factors such as [net worth] are typically considered in assessing punitive damages."); *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 21-22 (1991) (approving consideration of defendant's "financial position" in determining whether punitive damages award is excessive).

In addition, the Sixth Circuit in *Romanski v. Detroit Entertainment, L.L.C.*, 428 F.3d 629, 647-49 (6th Cir. 2005), found that under Supreme Court precedent the defendant's financial position is relevant to the State's interest in retribution and deterrence by awarding punitive damages. *Romanski* is a civil rights action filed under 42 U.S.C. § 1983 and is particularly relevant to the

2

instant action also filed under federal law. The *Romanski* court noted that "it was entirely appropriate for the jury to craft a punitive damages award that was sensitive to the casino's financial position. And we too must be sensitive to this reality in reviewing the award." (*Id*. at 649).

Against this controlling authority, Defendant relies on a Sixth Circuit case, *Clark v. Chrysler Corp.*, 436 F.3d 594 (6th Cir. 2006). In *Clark*, when considering whether the punitive damages award was excessive, the Court discounted the defendant's wealth as a justification for a punitive damages award. The Court was considering the district court's finding with regard to the first factor (degree of reprehensibility) for determining whether a punitive damages award is excessive. The court stated that "Chrysler's wealth is an inappropriate basis for the $3 million punitive damage award and this factor weighs against finding Chrysler reprehensible." (*Id*. at 604).

The Western District of Michigan construed *Clark* to find that in discovery, financial information is relevant only if a defendant's wealth bears some relation to the harm sustained by the plaintiff and thus may serve as a justification for a punitive damages award. *Childrey v. Spectrum Health Worth Home Care Inc.*, 2007 WL 1701836 (W.D. Mich. June 11, 2007). Defendant argues based on these two cases, and other similar cases, that discovery should not be allowed on its financial position because its wealth bears no relation to the harm sustained by the charging party.

*Clark* cannot be properly construed to bar all discovery on a party's financial position. *Clark* dealt only with the consideration of a defendant's wealth with regard to the reprehensibility factor of determining whether a punitive damages award is excessive. The court said nothing about discovery of this information. And the court did not state that a defendant's financial position is irrelevant for all inquiries in determining whether a punitive damages award is excessive. Just a few months prior to *Clark*, in *Romanski*, the court clearly found a defendant's financial position relevant

3

to a different factor in determining whether a punitive damages award is excessive–the ratio of the punitive damages award to the actual harm inflicted. This conclusion is in agreement with the Supreme Court cases finding it appropriate to consider a party's financial position in determining a punitive damages award. Therefore, Plaintiff's Motion to Compel will be granted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel is **GRANTED** to the extent that Defendant is ordered to serve upon Plaintiff's counsel full and complete responses to Plaintiff's Interrogatory no. 6 and Request for Production of Documents no. 1 of Plaintiff's First Discovery Request on or before October 23, 2008.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Modify Scheduling Order is **GRANTED** to the extent that the discovery deadline is extended and discovery will now close on October 31, 2008.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: October 17, 2008　　　　　　　　s/ Mona K. Majzoub
　　　　　　　　　　　　　　　　　　　MONA K. MAJZOUB
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.
Dated: October 17, 2008　　　　　　　　s/ Lisa C. Bartlett
　　　　　　　　　　　　　　　　　　　Courtroom Deputy