**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMM'N,** | |
| **Plaintiff,** | **CIVIL ACTION NO. 07-CV-15394-DT** |
| VS. | **DISTRICT JUDGE MARIANNE O. BATTANI** |
| **MEDICAL WEIGHT LOSS CLINIC, INC.,** | **MAGISTRATE JUDGE MONA K. MAJZOUB** |
| **Defendant.** / | |

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER

This matter comes before the Court on Defendant's Motion for Protective Order filed on October 27, 2008. (Docket no. 33). Plaintiff has filed a Response brief. (Docket no. 37). The Court heard oral argument on the motion on October 31, 2008. This matter has been referred to the undersigned for decision. (Docket no. 35). Defendant's Motion is now ready for ruling.

Defendant moves for entry of a protective order allowing it to produce during discovery in a confidential manner certain financial documents which were previously ordered produced by this Court. (Docket nos. 31, 33). Defendant argues that it is a privately held corporation with a privacy interest in its tax returns and profit statements. In particular, Defendant contends that its tax return information will reveal confidential information regarding its owners and their income. Plaintiff argues that Defendant's Motion should be denied because it has not shown that specific harm would result without such an order.

Rule 26(c)(1)(G), Fed. R. Civ. P., provides that the Court may grant a protective order for good cause shown to protect a party or person from annoyance or undue burden including requiring

that "confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Normally, the movant is required to show that specific harm will result if the protective order is not entered. However, the Court finds that the requirement of a showing of specific harm should not be strictly applied in this matter for the following reasons.

This district has recognized that a business' tax returns are considered confidential and are protected from routine disclosure. *Chiaverini, Inc. v. Frenchie's Fine Jewelry, Coins & Stamps, Inc.*, 2007 WL 1344183 (E.D. Mich. May 4, 2007). One of the documents to be produced is a tax return of Defendant.

In addition, although this Court found earlier that controlling precedent required that the financial information be produced, in some districts this information which is relevant only to the issue of punitive damages would not have been ordered to be produced until after liability was established. *See Robinson v. Crown Equip. Corp.*, 2007 WL 2819661 (E.D. Ark. Sept. 26, 2007). The fact that this information may never be admitted at trial favors protecting it from unnecessary disclosure.

Finally, courts in this circuit have allowed production of similar financial information of businesses pursuant to a protective order upon a showing of little or no prejudice. *See FFDI v. JAG Graphics Ltd.*, 2008 WL 2078065 (S.D. Ohio May 13, 2008) (ordering "all of JAG's financial books and records" under a protective order). Plaintiff does not argue that it requires disclosure of this information, beyond what would be allowed by a protective order, in order to litigate its case.

In view of these circumstances, the Court finds that Defendant has shown good cause to grant its motion and has made a sufficient showing of harm if the motion is not granted.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Protective Order (docket no. 33) is **GRANTED**. The Court will enter the draft "Protective Order for Defendant's Financial Documentation" submitted by the parties.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: October 31, 2008          s/ Mona K. Majzoub
                                              MONA K. MAJZOUB
                                              UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: October 31, 2008          s/ Lisa C. Bartlett
                                              Courtroom Deputy